UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTINE MORGAN, | ) |
| | ) |
|     PLAINTIFF, | ) |
| | ) |
| vs. | )   CASE NO. 05-CV-318-FHM |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of the Social Security | ) |
| Administration, | ) |
| | ) |
|     DEFENDANT. | ) |

## ORDER

Plaintiff, Christine Morgan, seeks judicial review of a decision of the Commissioner of the Social Security Administration denying Social Security disability benefits.[1] In accordance with 28 U.S.C. § 636(c)(1) & (3) the parties have consented to proceed before a United States Magistrate Judge.

The role of the Court in reviewing the decision of the Commissioner under 42 U.S.C. §405(g) is limited to determining whether the decision is supported by substantial evidence and whether the decision contains a sufficient basis to determine that the Commissioner has applied the correct legal standards. *Winfrey v. Chater*, 92 F.3d 1017 (10th Cir. 1996); *Castellano v. Secretary of Health & Human Servs.,* 26 F.3d 1027, 1028 (10th Cir. 1994). Substantial evidence is more than a scintilla, less than a preponderance, and is such relevant evidence as a reasonable mind might accept as

---

[1] Plaintiff's prior applications for disability benefits were denied and not appealed. The ALJ did not reopen previous concurrent claims. Plaintiff does not contest that decision. Plaintiff's April 2003 applications for Disability Insurance and Supplemental Security Income benefits were denied initially and upon reconsideration. A hearing before an Administrative Law Judge (ALJ) was held October 5, 2004. By decision dated October 28, 2004, the ALJ entered the findings which are the subject of this appeal. The Appeals Council denied review of the findings of the ALJ on April 12, 2005. The action of the Appeals Council represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

adequate to support a conclusion. *Doyal v. Barnhart*, 331 F.3d 758 (10th Cir. 2003). The Court may neither reweigh the evidence nor substitute its judgment for that of the Commissioner. *See Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995); *Casias v. Secretary of Health & Human Servs.,* 933 F.2d 799, 800 (10th Cir. 1991).  Even if the Court might have reached a different conclusion, if supported by substantial evidence, the Commissioner's decision stands. *Hamilton v. Secretary of Health & Human Services*, 961 F.2d 1495 (10th Cir. 1992).

Plaintiff was born September 1, 1958, and was 46 years old at the time of the hearing. [R. 49, 191]. Plaintiff claims she was unable to work from August 2, 2002, to February 12, 2004,[2] due to neck, back, shoulder, leg, hip and heel pain, headaches, nausea, fluid retention and hypertension. [R. 69]. The ALJ determined that Plaintiff has a severe spinal impairment but that she retains the residual functional capacity (RFC) to perform a narrow range of light level exertional tasks. [R.20].  He determined that Plaintiff could not return to her past relevant work (PRW) with these restrictions but found, based upon the testimony of a vocational expert, that there are other jobs in the economy in significant numbers that Plaintiff could perform with her RFC.  He found, therefore, that Plaintiff was not disabled at any time through the date of his decision as defined by the Social Security Act.  The case was thus decided at step five of the five-step evaluative sequence for determining whether a claimant is disabled.  *See Williams v. Bowen*, 844 F.2d 748, 750-52 (10th Cir. 1988) (discussing five steps in detail).

---

[2] Plaintiff returned to work on February 13, 2004. [R. 215].  At the hearing, Plaintiff's counsel requested benefits for "a closed period from 8/2 of '02 to 2/13 of '04" [R. 215].  Because Plaintiff returned to work on February 13, 2004, the time period for consideration ends on February 12, 2004.

Plaintiff asserts the ALJ failed to discuss why Plaintiff's impairment did not meet a listing and that he erred by formulating her RFC that failed to include all of her physical limitations. [Plaintiff's Brief, p. 6]. For the reasons discussed below, the Court affirms the decision of the Commissioner.

The parties have described the medical records in detail. Therefore, the Court need not reiterate the contents of the medical documents in the administrative record. However, the Court notes that, in the summary of the medical evidence, Plaintiff's counsel characterized the medical assessment of Steven Y.M. Lee, M.D., as "unable to work because she has chronic back pain that makes her unable to sit or stand very long." [Plaintiff's brief, p. 6]. This is not correct. Review of Dr. Lee's report reveals the unquoted portion of Dr. Lee's medical assessment indicated this was something the Plaintiff said to him and not an actual medical finding. [R. 173].

### **Step Three**

Plaintiff claims the ALJ did not properly evaluate her impairments in relation to the listings. Specifically, she claims that although the ALJ identified Listing 1.04 (pertaining to spinal impairments) as the applicable listing, he failed to explain why or how he made his step three determination or what evidence he considered in making that determination. The Court disagrees. The ALJ acknowledged that Plaintiff has a longstanding history of back problems. [R. 16]. He then summarized, in some detail, the medical evidence that relates to Plaintiff's spinal problems before setting forth his conclusion that Plaintiff's impairment does not meet the criteria for Listing 1.04. [R. 16-17]. Contrary to Plaintiff's allegation, the ALJ sufficiently discussed the evidence and explained his rationale for finding Plaintiff's spinal impairment does not meet the listing. *See Clifton v. Chater*, 79

F.3d 1007, 1009-10 (10th Cir.1996) (ALJ must offer sufficient rationale for determining the weight he accorded the medical evidence; ALJ not also obligated to discuss every piece of evidence).

In her brief, Plaintiff argues she meets the listing and cites to records of Richard Hasting, II., D.O., as support for this contention. Dr. Hastings wrote a report to Plaintiff's attorney on April 28, 1998, setting forth Plaintiff's history of a January 31, 1994, on-the-job injury and an evaluation of 35% permanent partial disability for workers' compensation purposes. [R. 133-142]. On December 2, 1998, he wrote another letter to Plaintiff's attorney regarding injuries Plaintiff sustained in a November 20, 1998 motor vehicle accident. [R. 129-132]. In a March 8, 1999 letter, Dr. Hastings recommended Plaintiff be evaluated by an orthopedic surgeon. [R. 127-128]. On June 1, 1999, Dr. Hastings wrote Plaintiff's attorney that Plaintiff had sustained a worsening of her preexisting condition involving her neck and back requiring further treatment. [R. 121-126]. Range of motion testing results were reported and continued follow-up care by Plaintiff's primary care physician was recommended. [R. 124, 126].

The ALJ's decision reflects that he weighed Dr. Hastings' reports as well as all the other medical evidence in the record, including a report by Steven Y.M. Lee, M.D., who examined Plaintiff on July 16, 2003, and found no range of motion limitations in Plaintiff's back and neck. [R. 174]. It is the ALJ's province, as fact finder, to decide the appropriate weight to be given medical evidence. *Kemp v. Bowen*, 816 F.2d 1469, 1476 (10th Cir.1987) (noting it is fact finder's responsibility to resolve genuine conflicts between opinion of treating physician and other contrary evidence). Resolving such a conflict in the medical evidence is a task allocated not to this court but to the ALJ.

*See Eggleston v. Bowen*, 851 F.2d 1244, 1247 (10th Cir. 1988).  Basically, Plaintiff is dissatisfied with the weight given the evidence by the ALJ and essentially asks the Court to reweigh the evidence. This it cannot do. *Kelley v. Chater*, 62 F.3d 335, 337 (10th Cir. 1995).

No treating or examining physician opined that Plaintiff's spinal impairment meets or equals the criteria set forth in Listing 1.04, or that her impairment is so severe that performance of any gainful activity is precluded.  Because the record contains substantial evidence to support the ALJ's step three finding that Plaintiff's impairment does not meet the listings, and because none of the record medical evidence conflicts with the ALJ's conclusion that Plaintiff was not disabled during the period of time under consideration, Plaintiff's contention is without merit.  Furthermore, the ALJ's substantiated RFC findings provide a definitive basis for rejection of the listings and any deficiency in his written decision regarding the listings criteria does not create a basis for reversal. *See Fischer-Ross v. Barnhart*, 431 F.3d 729 (10th Cir. 2005) (no basis for reversal if subsequent steps establish that any reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way).

### RFC Determination

Plaintiff contends the ALJ failed to include all her physical limitations in his assessment of her RFC. [Plaintiff's brief, p. 9].  Again, the Court disagrees.

The determination of RFC is an administrative assessment, based upon all of the evidence of how the claimant's impairments and related symptoms affect her ability to perform work related activities. See Soc. Sec. Rul. 96-5p, 1996 WL 374183, at *2, *5. The final responsibility for determining RFC rests with the Commissioner, and because

the assessment is made based upon all of the evidence in the record, not only the relevant medical evidence, it is well within the province of the ALJ. See 20 C.F.R. §§ 404.1527(e)(2); 404.1546; 404.1545; 416.946.

Contrary to Plaintiff's argument, the fact that "[t]here is no assessment by any doctor in the record as to the extent of claimant's limitations" does not obligate the ALJ to accept Plaintiff's subjective complaints as fully credible. Nor is there any merit to Plaintiff's contention that the ALJ committed reversible error because, by determining Plaintiff's RFC without giving full credibility to her subjective complaints, the ALJ substituted his opinion for that of a medical expert. [Plaintiff's brief, p. 10]. *See Howard v. Barnhart*, 379 F.3d 945 (10th Cir. 2004) (rejecting claimant's implicit argument that there must be specific, affirmative, medical evidence on the record as to each requirement of an exertional work level before an ALJ can determine RFC within that category). In this case, there is no opinion of a medical expert that conflicts with the ALJ's RFC assessment for which he substituted his own lay opinion.

Plaintiff complains that, in assessing her RFC, the ALJ disregarded her testimony regarding her own limitations and abilities. Review of the decision indicates otherwise. The ALJ acknowledged Plaintiff's testimony and found it not fully credible. [R.17-18]. Credibility determinations are peculiarly the province of the finder of fact, and such determinations will not be upset when supported by substantial evidence. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir.1995) (quoting *Huston v. Bowen,* 838 F.2d 1125, 1131 (10th Cir.1988)). *Kepler* does not require a formalistic factor-by-factor recitation of the evidence. So long as the ALJ sets forth the specific evidence he relies on in evaluating the claimant's credibility, the dictates of *Kepler* are satisfied." *White*

*v. Barnhart,* 287 F.3d 903, 909 (10th Cir.2001) (quoting *Qualls,* 206 F.3d 1368 at 1372). After review of the record in its entirety, the Court concludes that the credibility determination of the ALJ is supported by substantial evidence.

### Conclusion

The ALJ's decision demonstrates that he considered all of the medical reports and other evidence in the record in his determination that Plaintiff was not disabled for the time period from August 2, 2002 to February 13, 2004. The record as a whole contains substantial evidence to support the determination of the ALJ that Plaintiff is not disabled. Accordingly, the decision of the Commissioner finding Plaintiff not disabled is AFFIRMED.

SO ORDERED this 28th day of June, 2006.

*Frank H. McCarthy*

FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE